IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PROPHET PAULCIN,
    Plaintiff,

vs.                              Case No: 3:08cv378/RV/EMT

WALTER A. McNEIL, et al.,
    Defendants.
_____/

**ORDER**

       This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 16). Leave to proceed in forma pauperis has been granted (Doc. 12). From a review of the complaint, it is evident that Plaintiff failed to properly complete the complaint form as required. Therefore, Plaintiff will be required to file a second amended complaint.

       Plaintiff is advised that civil actions commenced by pro se litigants shall not be considered by the court unless the appropriate forms have been properly completed, signed, and filed by the litigant. N.D. Fla. Loc. R. 5.1(J)(2). Here, Plaintiff failed to properly complete the court-approved form for use in civil rights cases. First, in the "Statement of Facts" section of the complaint form, Plaintiff refers the court to another document by stating, "See Exhibit A and B attached to Plaintiff's declaration/restraining order" (Doc. 16 at 6, 6B). This is not acceptable. The use of a prescribed form, required by Rule 5.1(J) of the Local Rules for the Northern District of Florida, was adopted for reasons of administrative convenience. This court, with its large volume of complaints, saves valuable time if it is not required to decipher lengthy and often unintelligible motions or complaints. This saving would be lost if Plaintiff were allowed to file an incomplete form, that incorporates by reference attachments to other pleadings, instead of completing the form itself. In light of the administrative benefits derived from the use of the form Plaintiff shall be required to fully complete

the form, even if he needs to attach pages setting forth additional grounds or supporting facts. In fully completing the form, Plaintiff should begin reciting the facts in support of his complaint in Section V, the "Statement of Facts" section of the complaint form (*see* page 5 of the court-approved form). If it is necessary to attach additional pages of facts, those pages should be inserted between pages six (6) and seven (7) of the court-approved form. This will ensure that all of Plaintiff's facts precede the declaration on page six of the complaint form, which indicates that the "foregoing statements" are true and correct and have been submitted under the penalty of perjury.[1]

Next, the court notes that Plaintiff submitted a thirty-nine (39) page complaint (*see* Doc. 16 at 1–39). Rule 5.1(J)(3) of the Local Rules of Federal Procedure for the Northern District states, in pertinent part, "No petition, complaint, or memorandum may exceed 25 pages absent leave of court upon a showing of good cause." Also, Rule 8(a) of the Federal Rules of Civil Procedure states, "An original claim shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." "A district court may, sua sponte, require a Plaintiff to file an amended complaint if the original complaint fails to comply with Rule 8." *See, e.g.*, Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996). Plaintiff shall therefore be required to prepare and file a second amended complaint, which does not exceed twenty-five (25) pages, and which contains a short, plain statement of the grounds upon which the court's jurisdiction depends and a short plain statement showing that Plaintiff is entitled to relief.

Additionally, Plaintiff has attached fifteen (15) pages of exhibits to his complaint (Doc. 16 at 40–55). Plaintiff is advised that, unless the document is integral to a claim, he should not submit exhibits at this time. For example, Plaintiff submitted several grievances, requests for administrative appeals of grievances and responses thereto, and an affidavit from Curtis Mays (*see* Doc. 16 at 40–55). To the extent that Plaintiff submits these documents to support retaliation claims, Plaintiff is advised that he should clearly and concisely state any factual basis for his claims in the "Statement of Facts" section of the court-approved form without relying on other documents to support his claims. Plaintiff will be advised when, prior to trial or in conjunction with a motion for summary

---

[1] In Plaintiff's second amended complaint, Plaintiff attached six (6) pages of facts, and signed below those facts under the caption "Respectfully Submitted" (see Doc. 16 at 7A–7F).

judgment, the submission of additional evidence or argument in support of his claims is appropriate. Not only are the exhibits unnecessary at this time, submitting voluminous exhibits makes it difficult for the court to discern the nature of Plaintiff's claim(s) for relief.

Finally, Plaintiff names thirty-seven Defendants, two of which are listed as John Doe and Jane Doe Defendants (Doc. 16 at 1).[2] Plaintiff is advised that these Defendants may be subject to dismissal from this action. *See* Wessinger v. Board of Regents of Univ. System of Georgia, 2007 WL 1430388 at *1 (N.D. Ga. May 14, 2007) (noting the general prohibition against "fictitious party practice" in federal court). Although courts have sometimes made exceptions when an individual can be described without stating his or her name precisely or correctly, Plaintiff has failed to describe the Doe Defendants in the instant case precisely and correctly, either by name, address, or some other identifier so that they may be served.[3] If a John Doe cannot be identified sufficiently in order to summon that individual to appear, dismissal of that Defendant from this action will be warranted. *Cf.* Dean v. Barber, 951 F.2d 1210, 1215–16 (11th Cir. 1992) (finding plaintiff's description of "Chief Deputy of the Jefferson County Jail John Doe" sufficient because the proposed defendant existed and plaintiff adequately described the person to be sued so that the person could be identified for service). Therefore, if Plaintiff is unable to sufficiently identify any particular John or Jane Doe, he should consider dropping him or her as a Defendant in this action.

Thus, to proceed with this action, Plaintiff must file an amended complaint, marking it "**Second Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue. <u>Plaintiff is advised that the second amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded</u>. N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

---

[2] The court notes that Plaintiff's amended complaint (Doc. 16) names thirty-seven (37) Defendants while Plaintiff's original complaint (Doc. 1) names twenty (20) Defendants.

[3] Plaintiff indicated that Jane Doe is an institutional inspector, employed at "Santa Rosa," 5850 E. Milton, Florida 32583 and John Doe is an officer employed at the same location (*see* Doc. 16 at 2A, 2E, 2F); however, this information is insufficient to effect service of process since there are numerous individuals employed in these positions at this address, therefore precisely identifying the individual to be served would be difficult if not impossible.
Case No: 3:08cv378/RV/EMT

1.	The clerk is directed to forward to Plaintiff a complaint form for use in prisoner actions under 42 U.S.C. § 1983.  This case number should be written on the form.

2.	Plaintiff shall have **THIRTY (30) DAYS** from the date of docketing of this order in which to file a second amended complaint, which shall be typed or clearly written and submitted on the court form.

3.	Failure to comply with the foregoing as instructed will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 9th day of February 2009.


>	/s/ *Elizabeth M. Timothy*
>	**ELIZABETH M. TIMOTHY**
>	**UNITED STATES MAGISTRATE JUDGE**