IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PROPHET PAULCIN,
    Plaintiff,

v.                                                                                          Case No.: 3:08cv378/RV/EMT

WALTER A. McNEIL, et al.,
    Defendants.
                             /

**REPORT AND RECOMMENDATION**

        Plaintiff initiated this action on September 1, 2008, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (*see* Doc. 1); Plaintiff filed an amended complaint on January 29, 2009 (Doc. 16). Leave to proceed in forma pauperis has been granted (Doc. 12). This cause is now before the court on Plaintiff's Motion for Preliminary Injunctive Relief, filed on September 1, 2008 (*see* Doc. 3).

        In his "Declaration Preliminary Injunction a Temporary Restraining Order Memorandum of Law," Plaintiff alleges that he is in administrative confinement and unable to defend himself against attacks by Defendants (Doc. 3 at 1). Plaintiff states that he is in fear for his safety (*id.*). Plaintiff states that he has established through sworn testimony and documentary evidence that Defendants have retaliated against him in the past and will continue to do so because Plaintiff has filed the instant lawsuit against Defendants (*id.* at 3). As relief, Plaintiff seeks transfer to another correctional facility and "any additional relief this court deems just, proper, and equitable" (*id.* at 3–4).

        The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group</u>

Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted).  The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;
2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;
3. The threatened injury to Plaintiff outweighs the threatened harm injunction will do to the defendant; and
4. The granting of the preliminary injunction will not disserve the public interest.

See CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Importers, Ltd., 112 F.3d at 1126.  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted).

In the instant motion, Plaintiff states he is likely to show at trial that Defendants violated his rights, he is likely to suffer irreparable harm if he does not receive an injunction, the threat of harm he faces is greater than the harm to Defendants if he receives an injunction, and a preliminary injunction will serve the public interest because he will suffer no further harm (*see* Doc. 3 at 2).  However, this is merely a restatement of the legal standard for granting an injunction.

Furthermore, Plaintiff refers the court to his original complaint (Doc. 1) in his motion for preliminary injunction by stating "Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 46 of his civil rights complaint and incorporates same by reference as if fully set forth herein" (Doc. 3 at 1).  Upon a review of Plaintiff's complaint, the court concludes that Plaintiff failed to demonstrate that there exists a substantial threat he will suffer irreparable injury if the injunction is not granted.  In the complaint, Plaintiff contends that Defendants sprayed him with chemicals and deprived him of property, recreation, meals, showers and personal hygiene materials in retaliation for Plaintiff writing grievances on behalf of himself and other inmates (*see* Doc. 16 at 6A–6D, 6F, 6H, 6J–L, 6O); however, Plaintiff fails to establish that he suffers from immediate harm as the last incident that Plaintiff mentions in his amended complaint occurred on

October 18, 2008 (*id.* at 6K).  Plaintiff alleges that he was placed on property restriction in retaliation for talking to another inmate using "sign language" (*id.*).  Additionally, although Plaintiff alleges that Defendants gassed him with no penological justification, that incident occurred on July 10, 2008 (*id.* at 6F).  Although Plaintiff makes the conclusory statement that Defendants continue to abuse and retaliate against him and he is in fear for his life, Plaintiff fails to establish that he will suffer from irreparable injury if the injunction is not granted.  In the absence of any facts showing that each of the four prongs would be satisfied by the granting of an injunction, Plaintiff has failed to meet his burden of persuasion, and the court should not grant his request for extraordinary relief.  Moreover, because the court, by a separate order issued on February 9, 2009 (Doc. 20) has required Plaintiff to file a second amended complaint and the court cannot predict what alleged constitutional violations his amended complaint will encompass, his request for injunctive relief should be denied.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief (Doc. 3) be **DENIED**.

At Pensacola, Florida this 17th day of February 2009.

> /s/ *Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.:  3:08cv378/RV/EMT