IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PROPHET PAULCIN,
    Plaintiff,

vs.                                    Case No. 3:08cv378/RV/EMT

WALTER McNEIL, et al.,
    Defendants.
_____/

**ORDER**

This cause is before the court on Plaintiff's "Motion for Leave to File an Amended Complaint," filed May 14, 2009 (Doc. 40), Proposed Fourth Amended Complaint (Doc. 41), and "Motion for Leave to Exceed Twenty Five Pages," in which Plaintiff seeks leave to file a Fourth Amended Complaint that exceeds the page limit established by the Local Rules of this court (Doc. 42).

The Federal Rules of Civil Procedure provide that the court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2).[1] The law favors rulings on the merits rather than on the pleadings. Bank v. Pitt, 928 F.2d 1108, 1112 n.6 (11th Cir. 1991); Friedlander v. Nims, 755 F.2d 810, 813 & n.3 (11th Cir. 1985). Thus:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

---

[1] Plaintiff has previously amended his complaint on three occasions, once on his own volition (Doc. 16), once upon court's advising him that his amended complaint failed to comply with the Local Rules for the Northern District of Florida (*see* Docs. 20, 26), and once after seeking leave to file a third amended complaint (*see* Docs. 31–33). Therefore, he is not entitled to amend the complaint again "as a matter of course," as he already availed himself of this opportunity. *See* Fed. R. Civ. P. 15(a)(1, 2).

Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (quoting Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)).  However, a motion to file an amended complaint is properly denied where the new claims asserted would be subject to dismissal as a matter of law.  *See* Hall v. United Ins. Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)).

Plaintiff seeks leave to file a Fourth Amended Complaint to include "recent constitutional violations by additional defendants," based on actions that have occurred after September 1, 2008, the date Plaintiff filed the original complaint (*see* Docs. 1, 40).  Because the proposed claims are based on recent activity, Plaintiff could not have exhausted his administrative remedies with regard to those claims prior to bringing this action.  The Prison Litigation Reform Act, 42 U.S.C. § 1997e (PLRA), provides:  "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has stated that this "invigorated" exhaustion requirement is the "centerpiece" of the PLRA.  Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2006).  The exhaustion requirement helps to ensure that the "flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit."  Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 914, 166 L. Ed. 2d 798 (2007).  It also "attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'"  Woodford, 548 U.S. at 93 (quoting Porter v. Nussle, 534 U.S. 516, 525, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002)) (footnote omitted).  The exhaustion requirement is mandatory, and there is no discretion to waive it.  Woodford, 548 U.S. at 85; Alexander v. Hawk, 159 F.3d 1321, 1324–26 (11th Cir. 1998).  Additionally, the PLRA exhaustion requirement requires proper exhaustion, which means that a prisoner must comply with the procedural rules of the institution's grievance system.  Woodford, 548 U.S. at 93–95.

The undersigned concludes that permitting Plaintiff to amend his complaint would be futile because allegations of conduct that occurred after September 1, 2008, the date of filing of the original complaint in this action, would be subject to dismissal because Plaintiff may proceed only on those claims he has exhausted prior to the bringing of this lawsuit.  *See* Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 534–35 (7th Cir. 1999); Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); Hattie v. Hallock, 16 F. Supp. 2d 834, 836 (N.D. Ohio 1998).  Therefore, the additional claims against new Defendants, based upon conduct that occurred well after the filing of Plaintiff's original complaint would be subject to dismissal.

For the foregoing reasons, the undersigned concludes that amendment of the complaint would be futile.  Therefore, Plaintiff's motion to amend will be denied.

Accordingly, it is **ORDERED**:

1. Plaintiff's "Motion for Leave to File an Amended Complaint" (Doc. 40) is **DENIED**

2. Plaintiff's Motion for Leave to Exceed Twenty Five Pages (Doc. 42) is **DENIED as moot**.

3. Plaintiff's Proposed Fourth Amended Complaint (Doc. 41) shall **NOT take effect**.

**DONE AND ORDERED** this 28th day of May 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**