IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PROPHET PAULCIN,
    Plaintiff,

v.        Case No. 3:08cv378/RV/EMT

WALTER A. McNEIL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a prisoner who proceeds pro se and in forma pauperis, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (*see* Doc. 1). This cause is now before the court on Plaintiff's motion titled "Injunctive Relief," which the court treats as a motion for preliminary injunctive relief (Doc. 60).[1] In his motion Plaintiff complains that certain of his legal documents were confiscated in retaliation for his having filed suit against prison officials (Doc. 60 at 1). As relief, Plaintiff asks the court to enter an order compelling Defendants to return his documents and to cease retaliatory actions against him (*id.* at 8).

    The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Importers, Ltd. v. Frank Pesce Intern. Group

---

[1] This is Plaintiff's second motion for preliminary injunctive relief. On March 25, 2009, the district court adopted the undersigned's February 17, 2009, Report recommending that the first motion be denied (*see* Docs. 22, 30). Plaintiff appealed the district court's order (Doc. 34), but the Eleventh Circuit Court of Appeals recently rejected the appeal as frivolous (Doc. 61).

Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted).  The district court, however, must exercise its discretion in light of whether:

    1.    There is a substantial likelihood that Plaintiff will prevail on the merits;

    2.    There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

    3.    The threatened injury to Plaintiff outweighs the threatened harm injunction will do to the defendant; and

    4.    The granting of the preliminary injunction will not disserve the public interest.

See CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Importers, Ltd., 112 F.3d at 1126.  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted).

    The Third Amended Complaint (Doc. 32) is currently the operative pleading in this matter.[2] *Inter alia*, in this complaint Plaintiff alleges "systematic abuse of Plaintiff[;] taunting and humiliating treatment of Plaintiff[;] systematic retaliation and excessive use of force via gas[s]ing of Plaintiff[;] placing Plaintiff on loaf [and strip cell status;] [and] depriving Plaintiff of his meals and rec[reation]" (*id.* at 21).  The conduct of which Plaintiff complains in his instant motion primarily involves prison librarian M. T. Blue ("Blue"), whom Plaintiff asserts accepted his legal documents for photocopying but failed to comply with Plaintiff's specific special handling instructions and also failed to return all of the documents to Plaintiff.  Blue is not named as a Defendant in the Third Amended Complaint.  As noted above, persons from whom injunctive relief is sought must be parties to the underlying action.  In re Infant Formula Antitrust Litig., 72 F.3d at 842–43.  Plaintiff does refer in his motion to two named Defendants, Walter A. McNeil and D. Ellis,

---

[2] By order this date the court has directed Plaintiff to file an amended complaint which clarifies the allegations and claims set out in the Third Amended Complaint.

Case No. 3:08cv378/RV/EMT

but he merely states that these parties "deny taking or confiscating Plaintiff's legal documents" and asserts that the Defendants' contentions are lies (Doc. 60 at 3).

Plaintiff has failed to meet his burden of persuasion for a motion for preliminary injunctive relief. He has not shown that a substantial likelihood exists that he will prevail on the merits of the claims of his complaint, which he has been directed to amend. Nor has Plaintiff shown that he will suffer irreparable injury if the injunction directing Defendants to return his documents and to stop retaliating against him is not granted, that any threatened injury to him outweighs the threatened harm an injunction will do, or that granting the preliminary injunction will not disturb the public interest. Because there is an absence of facts showing that each of the four prongs would be satisfied by the granting of an injunction, the district court should not grant Plaintiff's request for extraordinary relief.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief (Doc. 60) be **DENIED**.

At Pensacola, Florida this  24th  day of November 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**