IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PROPHET PAULCIN,
    Plaintiff,

vs.                                                  Case No. 3:08cv378/RV/EMT

WALTER McNEIL, et al.,
    Defendants.
_____/

**O R D E R**

       This matter is before the court on Plaintiff's "Motion For Leave to Amend Complaint" (Doc. 64); proposed Sixth Amended Complaint (Doc. 65); "Motion For Leave to Exceed Twenty-Five Pages" (Doc. 63); and "Motion For Service of Summons" (Doc. 67).

       The court first addresses Plaintiff's motion for leave to file an amended complaint; that is, the proposed Sixth Amended Complaint (*see* Doc. 64). The Federal Rules of Civil Procedure provide that the court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2).[1] The law favors rulings on the merits rather than on the pleadings. Bank v. Pitt, 928 F.2d 1108, 1112 n.6 (11th Cir. 1991), *overruled on other grounds*, Wagner v. Daewoo Heavy Indus. America Corp., 314 F.3d 541 (11th Cir. 2002); Friedlander v. Nims, 755 F.2d 810, 813 & n.3 (11th Cir. 1985). Thus:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (quoting Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). A motion to file an amended complaint is properly

---

[1] Plaintiff has previously amended his complaint on three occasions, once on his own volition (Doc. 16), once upon court's advising him that his amended complaint failed to comply with the Local Rules for the Northern District of Florida (*see* Docs. 20, 26), and once after seeking leave to file a Third Amended Complaint (*see* Docs. 31–33). On two other occasions, Plaintiff's motions to file a Fourth Amended Complaint and Fifth Amended Complaint were denied (*see* Docs. 40, 41, 45, 49, 50, 53). Therefore, he is not entitled to amend the complaint again "as a matter of course," as he already availed himself of this opportunity. *See* Fed. R. Civ. P. 15(a)(1)(2).

denied, however, where the new claims asserted would be subject to dismissal as a matter of law. *See* Hall v. United Ins. Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)).

On October 5, 2009, Plaintiff sought leave to file a Sixth Amended Complaint, stating that he "recently learned of two prior filings that he did not disclose and is required by rule to disclose . . ." (Doc. 64 at 1). In his proposed Sixth Amended Complaint Plaintiff in fact identifies two additional cases he previously filed but did not report on the Third Amended Complaint, which is the operative complaint in this action. Plaintiff also, however, makes factual allegations based on events that occurred after September 1, 2008, the date Plaintiff filed the original complaint (*see* Doc. 1; Doc. 65 at 17–18). As Plaintiff has previously been made aware, any claim based on actions taking place after September 1, 2008, could not have been administratively exhausted prior to bringing this action. The Prison Litigation Reform Act, 42 U.S.C. § 1997e (PLRA), provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has stated that this "invigorated" exhaustion requirement is the "centerpiece" of the PLRA. Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2006). The exhaustion requirement helps to ensure that the "flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit." Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 914, 166 L. Ed. 2d 798 (2007). It also "attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Woodford, 548 U.S. at 93 (quoting Porter v. Nussle, 534 U.S. 516, 525, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002)) (footnote omitted). The exhaustion requirement is mandatory, and there is no discretion to waive it. Woodford, 548 U.S. at 85; Alexander v. Hawk, 159 F.3d 1321, 1324–26 (11th Cir. 1998). Additionally, the PLRA exhaustion requirement requires proper exhaustion, which means that a prisoner must comply with the procedural rules of the institution's grievance system. Woodford, 548 U.S. at 93–95.

The court therefore concludes that permitting Plaintiff to filed the proposed Sixth Amended Complaint would be futile because some of the complained-of events occurred after September 1, 2008, the date the original complaint was filed, establishing the fact that Plaintiff could not have exhausted his administrative remedies prior to the bringing of this lawsuit. *See* Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 534–35 (7th Cir. 1999); Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); Hattie v. Hallock, 16 F. Supp. 2d 834, 836 (N.D. Ohio 1998). Therefore, any

additional claims, based upon conduct that occurred after the filing of Plaintiff's original complaint, would be subject to dismissal. Accordingly, the instant motion to amend will be denied.

Based on the court's cursory review of Plaintiff's operative complaint, however, Plaintiff will be granted leave to file a Seventh Amended Complaint that clarifies and explains Plaintiff's factual allegations and legal claims. The court notes that Plaintiff seeks to name some forty (40) Defendants in this action and complains of numerous, apparently unrelated, events. **Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations**. The failure to do so may result in the need for further amendment or, more likely, a recommendation of dismissal of this action. Plaintiff must place the Defendant's names in the style of the case on the first page of the civil rights complaint form and include their addresses and employment positions in the "Defendants" section of the form. In the Statement of Facts section, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section titled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. **Plaintiff may not "incorporate by reference" other sections of the complaint in this or any other part of his Seventh Amended Complaint**. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this court. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff shall completely fill out a new civil rights complaint form, marking it "Seventh Amended Complaint." While it is acceptable for Plaintiff to handwrite his Seventh Amended Complaint, the complaint **must be legible**.[2] Plaintiff should file the Seventh Amended Complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint, except for copies of necessary administrative grievances. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not submit service

---

[2] Plaintiff's Third Amended Complaint is difficult to decipher, mainly because of the relatively small size of the print and the many lines of text placed on each page. In amending, Plaintiff should place no more than ten (10) words per line and twenty (20) lines per page, while keeping the total length of his amended complaint under twenty-five (25) pages. A complaint of twenty-five pages in length is ample, given the nature of Plaintiff's claims, provided he states only *relevant* factual information and does so *succinctly*. Plaintiff is advised that it is highly unlikely that the court will grant a request to file an amended complaint in excess of twenty-five pages.

copies of his complaint unless and until the court directs him to do so.  Finally, Plaintiff is advised that discovery is premature at this stage of the case, and Plaintiff should not do any discovery without leave of court.

Plaintiff's instant motion for leave to file a complaint in excess of twenty-five (25) pages is denied, as is the motion for service of summons.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Leave to Amend Complaint (Doc. 64) is **DENIED.**

2. Plaintiff's Motion for Leave to Exceed Twenty Five Pages (Doc. 63) is **DENIED, as moot**.

3. Plaintiff's proposed Sixth Amended Complaint (Doc. 65) shall **NOT take effect**.

4. Plaintiff's Motion for Service of Summons (Doc. 67) is **DENIED**.

5. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983.  This case number should be written on the form.

6. Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or **clearly** written, submitted on the court form, and marked "Seventh Amended Complaint."  Alternatively, Plaintiff may file a notice of voluntary dismissal.

7. Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this  24th  day of November 2009.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**