IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PROPHET PAULCIN,
    Plaintiff,

vs.                                          Case No. 3:08cv378/RV/EMT

WALTER McNEIL, et al.,
    Defendants.

_____/

## O R D E R

This cause brought pursuant to Title 42 U.S.C. §1983 is before the court on Plaintiff's seventh amended complaint (Doc. 72).[1] Plaintiff, an inmate, proceeds pro se and in forma pauperis. From a review of the instant amended complaint, the court concludes that Plaintiff again has not fully complied with its instructions regarding amendment. The court will therefore allow Plaintiff one **final** opportunity to submit an acceptable amended complaint.

The court first notes that Plaintiff apparently has attempted to follow the court's instruction that he not include factual allegations based on events that occurred after September 1, 2008 (the date Plaintiff filed the original complaint) because any claims based on actions taking place after that date could not have been administratively exhausted prior to bringing this action; accordingly, such claims would be subject to dismissal. *See* 42 U.S.C. § 1997e ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Additionally, Plaintiff has reduced the number of named Defendants from forty to seventeen.

Nevertheless, contrary to the court's express instructions, once again Plaintiff attempts to include in his amended complaint many unrelated events. Plaintiff may not bootstrap together in one complaint claims that rely on different incidents or issues. Plaintiff's allegations must be limited to claims related to the same basic incident or issue, and he should name as Defendants only those

---

[1] Although the instant complaint is identified as the seventh amended complaint, the court in fact has previously accepted only three amended complaints for review (Docs. 16, 26, 32). Three others (*see* Docs. 41, 50, and 65) were not accepted.

persons who are responsible for the alleged constitutional violations. He must bring allegations of harm by several different individuals, in several different incidents, in separate complaints. To pursue such claims Plaintiff will be required either to pay the filing fee in each individual action or obtain leave to proceed in forma pauperis. Moreover, Plaintiff's seventh amended complaint is unnecessarily long and repetitive. Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus Plaintiff's allegations should be stated simply and concisely, and they must not be verbose, unintelligible, or difficult to read.

In amending, Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form and include their addresses and employment positions in the "Defendants" section of the form. In the Statement of Facts section, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section titled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this court.[2] Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff shall completely fill out a new civil rights complaint form, marking it "<u>Eighth Amended Complaint</u>." While it is acceptable for Plaintiff to handwrite his eighth amended complaint, the writing must be legible.[3] Plaintiff should file the eighth amended complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law

---

[2] The court notes that Plaintiff recently submitted a notice of change of address indicating that he no longer is housed at Santa Rosa Correctional Institution, the facility at which the events giving rise to his claims occurred. To the extent Plaintiff seeks declaratory or injunctive relief, Plaintiff is advised that any such request likely would be denied as moot. The Eleventh Circuit has noted the general rule in this circuit is that a prisoner's transfer to another facility will moot the prisoner's claims for injunctive and declaratory relief. Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007) (citing McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984), and Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (per curiam)) *see also* Herron v. Beck, 693 F.2d 125, 127 n.3 (11th Cir. 1982) (noting that an inmate's transfer to a different prison may moot his claims for equitable relief against the practices at the facility where the claims arose).

[3] Plaintiff's seventh amended complaint, while an improvement over his previous efforts, still remains somewhat difficult to decipher, mainly due to the illegibility of his handwriting. Plaintiff is reminded that he must write clearly and distinctly, placing no more than ten (10) words per line and twenty (20) lines per page. The total length of his amended complaint must remain under twenty-five (25) pages. A complaint of twenty-five pages in length is ample, given the nature of Plaintiff's claims, provided he states only *relevant* factual information and does so *succinctly*. Plaintiff is advised that it is highly unlikely that the court will grant a request to file an amended complaint in excess of twenty-five pages.

Case No. 3:08cv378/RV/EMT

or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint, except for copies of necessary administrative grievances. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, Plaintiff is advised that discovery is premature at this stage of the case, and Plaintiff should not do any discovery without leave of court.

**If Plaintiff does not adequately comply with the foregoing instructions, the court may recommend dismissal of this action for failure to comply with an order of the court**. *See* Tanner v. Neal, 232 Fed. App'x 924 (11th Cir. 2007) (affirming sua sponte dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment, noting that inmate was provided with "a standard form, a clear description of what her complaint should contain, and page and exhibit limitations," but the overall form and content of her amended complaint showed that she did not comply with the district court's order after being warned of the consequences). *See also* Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (the continued failure to cure defects in pleading requirements as required by Rule 8(a) may result in dismissal); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972).

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or **clearly** written, submitted on the court form, and marked "Eighth Amended Complaint." Alternatively, Plaintiff may file a notice of voluntary dismissal.

3. Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action to the district court.

**DONE AND ORDERED** this 20th day of August 2010.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**